| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br><br> **Caption in compliance with D.N.J. LBR 9004-2(c)** <br><br> **Nowell Amoroso Klein Bierman P.A.** <br> Attorneys for Paul Edward Fierstein, Defendant <br> 155 Polifly Road <br> Hackensack, New Jersey 07601 <br> (201) 343-5001 <br> David Edelberg, Esq. (DE-6258) <br> Rick A. Steinberg, Esq. (RS-7396) | |
| In Re: <br><br> PAUL EDWARD FIERSTEIN and <br> KAREN LOUISE FIERSTEIN, <br><br> Debtors | Case No.:    09-16619 (RG) <br><br> Judge:    Gambardella <br><br> Chapter 7 |
| FIERSTEIN & CO., LLC and <br> AEGIS SMB FUND II, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> PAUL EDWARD FIERSTEIN, <br><br> Defendant. | Adv. Pro. No.:   09-02103 (RG) <br><br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

## ANSWER

Paul Edward Fierstein, the debtor/defendant (the "Defendant"), by way of Answer to the Complaint (the "Complaint") of the plaintiffs, Fierstein & Co., LLC and Aegis SMB Fund, II, L.P. ("Aegis") (together with Aegis, the "Plaintiffs"), states as follows:

## JURISDICTION AND VENUE

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

## **THE PARTIES**

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

## **BACKGROUND FACTS**

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant answers that the Agreement speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits that he was an authorized signatory on the Company's bank account, but denies that, as President of the Company, he controlled the disbursements from the Company's bank accounts.

17. Defendant answers that the Financial Statements speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant answers that the key man insurance application speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. Defendant answers that the Agreement speaks for itself. Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

## **FIRST CAUSE OF ACTION**

30. Defendant repeats its responses to the allegations contained in paragraph 30 of the Complaint.

31. Defendant neither admits nor denies the allegations contained in paragraph 31 of the Complaint, which calls for a legal conclusion, and leaves Plaintiffs to their proofs.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

35. Defendant repeats its responses to the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

WHEREFORE, Defendant demands judgment against Plaintiffs dismissing the Complaint with prejudice, plus court costs, attorney's fees and such further relief that the court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court does not possess in personam jurisdiction over Defendant due to improper service of process.

### THIRD AFFIRMATIVE DEFENSE

This action is barred by the applicable Statue of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has rights of setoff and recoupment against Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs did not reasonably rely on any actions or inactions of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b), made applicable to this adversary proceeding by Federal Rule of

Bankruptcy Procedure 7009.

### **TWELFTH AFFIRMATIVE DEFENSE**

Any injuries or damages suffered by Plaintiffs were caused by the actions of third parties not under the control of Defendant.

### **THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant denies the making or existence of any warranty, guaranty or representations, express or implied, in fact or in law, concerning the transactional matters alleged.

WHEREFORE, Defendant demands judgment against Plaintiffs dismissing the Complaint with prejudice, plus court costs, attorney's fees and any other relief that the court deems just and equitable.

**NOWELL AMOROSO KLEIN BIERMAN, P.A.**
Attorneys for Paul Edward Fierstein, Defendant

By:    /s/ Rick A. Steinberg
Rick A. Steinberg

Dated:    August 18, 2009

G:\wp\WPDATA\David\bankruptcy individ\Fierstein\04. Aegis discharge objection\Pleadings\answer.doc